# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00298-CV

**K. R. R., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE 22ND DISTRICT COURT OF HAYS COUNTY
### NO. 21-1053, THE HONORABLE SHERRI TIBBE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant K.R.R. filed a pro se notice of appeal seeking to challenge the trial court's judgment terminating her parental rights and appointing the Department as managing conservator for her child.[1]  K.R.R.'s brief was due in this Court August 9, 2021.  When her brief was not filed by the due date, the clerk's office for this Court sent an overdue notice explaining that her brief was late and that the failure to file a brief and a motion for an extension of time by September 7, 2021, might result in the appeal being dismissed for want of prosecution.  *See* Tex. R. App. P. 42.3.

In addition, although nothing in the record before this Court indicates that any indigency determination had been made at the trial court, K.R.R. included in her pro se notice of appeal a statement indicating that she "intend[s] to make an application as an indigent citizen for

---

[1] Because this case involves the termination of parental rights, we refer to Appellant by her initials.  *See* Tex. Fam. Code § 109.002(d); Tex. R. App. P. 9.8.

a court-appointed attorney for this appeal." In light of the preceding, this Court abated the appeal on our own motion and instructed the trial court to hold a hearing to determine whether K.R.R. wished to pursue her appeal, whether she was indigent, and whether she was entitled to the appointment of counsel to represent her in this appeal. *See K.R.R. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-21-00298-CV, 2021 WL 4147590, at *1 (Tex. App.—Austin Sept. 13, 2021, order); *see also In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003) (observing that "[i]n Texas, there is a statutory right to counsel for indigent persons in parental-rights termination cases" (citing Tex. Fam. Code § 107.013)). Further, this Court instructed the trial court to file supplemental clerk's and reporter's records pertaining to the hearing and explained that the case would be reinstated in this Court when the supplemental records were filed. Alternatively, this Court explained that the case would be reinstated on October 13, 2021, if no supplemental records were filed with this Court. The trial court scheduled the hearing for October 6, 2021, but K.R.R. did not appear. Accordingly, no supplemental records were prepared or filed, and this case was reinstated on October 13, 2021.

To date, no brief has been filed by K.R.R., and she has not otherwise responded to the overdue brief notice. Accordingly, we dismiss the appeal for want of prosecution. *See* Tex. R. App. P. 42.3(b), (c) (explaining that case may be subject to involuntary dismissal for want of prosecution or for failure to comply with requirements of Rules of Appellate Procedure, court order, or notice from clerk requiring action within certain time); Tex. Fam. Code § 263.405(a)-(b) (stating that "appeal of a final order . . . is governed by the procedures for accelerated appeals in civil cases under the Texas Rules of Appellate Procedure" and requiring warning in final order that failure to comply with Rules may result in dismissal of appeal); *N.P. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-19-00217-CV, 2019 WL 3952842, at *1 & n.3 (Tex. App.—Austin

2

Aug. 22, 2019, no pet.) (mem. op.) (dismissing father's appeal in termination case where father did not file his appellant's brief after being warned that failure to file brief could result in dismissal for want of prosecution); *see also In re B.L.D.*, 113 S.W.3d 340, 350-51 (Tex. 2003) (noting that "criminal fundamental-error doctrine" allowing court to review error that was neither raised at trial nor assigned on appeal does not apply in parental termination cases).

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Smith

Dismissed for Want of Prosecution

Filed:   October 21, 2021